**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS PEREZ-ANDRADE, | No. 13-70937 |
| Petitioner, | Agency No. A070-929-764 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Carlos Perez-Andrade, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility findings. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). We review de novo due process challenges. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies regarding when Perez-Andrade experienced harm at the hands of political rivals and when he entered the United States, as well as the vague nature of his testimony and declaration. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1123-24 (9th Cir. 2010) (change in date of entry and inconsistencies regarding the date of past threats went to the heart of the claim); *see also Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (lack of detail in testimony regarding alleged political activities supported adverse credibility determination). We reject Perez-Andrade's contention that the IJ failed to properly consider his explanations for the inconsistencies. *See Zamanov*, 649 F.3d at 974. In the absence of credible testimony, Perez-Andrade's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Perez-Andrade's CAT claim was based on the same statements that were found not credible, and the record does not otherwise compel the conclusion

that it is more likely than not he will be tortured by or with consent or acquiescence of the government if returned to Mexico, his CAT claim fails. *See Farah*, 348 F.3d at 1156-57. We reject Perez-Andrade's contention that the agency violated due process in its analysis and rejection of his CAT claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Finally, we deny Perez-Andrade's motion to refer the case to mediation.

**PETITION FOR REVIEW DENIED**.